UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES M. HAIR

v.

UNITED STATES OF AMERICA,

CASE NO.: 8:09-CV-02253-EAK-EAJ
8:03-CV-00285-T-17-EAJ

_____/

ORDER ON PLAINTIFF'S MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255

This cause is before the Court pursuant to a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Charles Hair, and the response thereto. D-cv-8, D-cv- 9.[1] A review of the record indicates that, for the following reasons, the Motion to Vacate, Set Aside, or Correct Sentence, must be **DENIED**.

BACKGROUND

In 2004, a jury convicted Hair of three counts of attempting to transport and transporting child pornography in interstate commerce by computer, in violation of 18 U.S.C. § 2252A(a)(1)

---

[1] Docket references to 8:03-cr-285-T-17EAJ are denoted herein as "D-cr-__" and docket references to 8:09-cv-02253-EAK-EAJ are denoted herein as "D-cv-__".

1

(Counts One, Two, and Three), and one count of possessing child pornography that had been transported in interstate commerce and had been produced using materials that had been transported in interstate commerce, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) (Count Four). D-cr-25, D-cr-66; D-cr-104 at 3-6. This Court sentenced Hair to a total of 365 months imprisonment. D-cr-90, D-cr-94. Hair appealed, alleging several errors by the district court. D-cr-95. The Eleventh Circuit Court of Appeals affirmed Hair's convictions, but remanded for resentencing and a determination of whether there was sufficient basis for a five-level increase in Hair's offense level, based on a pattern of sexual abuse or exploitation of a minor, pursuant to USSG § 2G2.2(b)(4). *United States v. Hair*, 178 F. App'x 879 (11th Cir. 2006). Hair sought certiorari in the United States Supreme Court; his petition was denied. D-cr-119, D-cr-121.

This Court resentenced Hair to 365 months imprisonment. D-cr-128, D-cr-130, D-cr-137. Hair appealed from the resentencing, alleging that this Court had again erred in applying a five-level increase in Hair's offense pursuant to USSG § 2G2.2(b)(4), in violation of the Fifth and Sixth Amendments of the United States Constitution. D-cr-134. The Eleventh Circuit affirmed the resentencing. D-cr-140; *United States v. Hair*, 299 Fed. App'x 907 (11th Cir. 2008). Hair did not seek a writ of certiorari in the United States Supreme Court.

Hair filed a section 2255 motion to vacate on November 4, 2009. D-cv-1, D-cv-2. Because the motion was not in substantial compliance with the rules governing section 2255 motions, the Court ordered Hair to file an amended motion to vacate. D-cv-4, D-cv-5. Hair filed an amended motion December 4, 2009, alleging four violations of Hair's constitutional right to effective assistance of counsel, and one violation of Hair's constitutional rights by this Court. D-cv-8, D-cv-9. The amended motion alleges: (1) ineffective defense counsel negligently failed to challenge Hair's sentence in violation of the Ex Post Facto Clause and the Eight Amendment (D-

2

cv-9 at 1); (2) ineffective defense counsel negligently failed to challenge the government's proof that child pornography had traveled in interstate commerce (D-cv-9 at 9); (3) ineffective defense counsel failed to allow Hair to testify at trial, as well as call other witnesses in his defense, in violation of the Sixth Amendment (D-cv-9 at 13); (4) ineffective defense counsel negligently failed to challenge a violation of Hair's Fourth Amendment rights for evidence obtained without a search warrant (D-cv-9 at 19); and (5) this Court violated Hair's Due Process rights by enhancing his sentence five levels, based on a pattern of sexual abuse or exploitation of a minor, pursuant to USSG § 2G2.2(b)(4) (D-cv-9 at 24).

## DISCUSSION

### A. PROCEDURAL DEFAULT

In section 2255 motion proceedings, district courts are not required to reconsider claims of error that were raised and decided adversely to a defendant on direct appeal. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Hair's second and fifth claims are foreclosed by the procedural default rule.

### I. GROUND TWO: PROOF OF INTERSTATE COMMERCE

Hair contends that "[t]he government never proved [Hair] transported visual [depictions] of child pornography in interstate commerce." D-cv-9 at 9. Hair contends that he merely sent hyperlinks to the undercover agent. These hyperlinks led to a Yahoo! "briefcase" folder, where the pornographic images could be selected and viewed. D-cv-9 at 10. Therefore, Hair asserts that he did not transport the images. D-cv-9 at 10. The issue was decided on direct appeal:

> We conclude that there was ample evidence that the defendant aided and abetted Yahoo in actually transferring the images of child pornography. The government provided evidence that the defendant had the intent to transmit images to the undercover agent, and by setting up and using the Yahoo server and the "briefcase" function, Hair caused Yahoo--without the knowledge of the company--to violate § 2252A(a)(1).

3

*Hair*, 178 Fed. App'x at 885. The trial jury found there was sufficient evidence to find Hair guilty of transporting child pornography; the Eleventh Circuit Court of Appeals affirmed the ruling. Ground Two is procedurally defaulted.

## II. GROUND FIVE: DUE PROCESS

Hair alleges that the "sentencing judge violated due process," by enhancing Hair's sentence by five levels based on a "bare arrest record." D-cv-9 at 24. Hair contends that this Court determined that, beginning in 1971, he had a thirty-one year pattern of activity involving the sexual abuse or exploitation of minors, pursuant to USSG § 2G2.2(b)(4). D-cv-9 at 24. Hair is mistaken; the five-level enhancement was applied in consideration of Hair's 1982, 1986, and 1989 criminal activities. D-cr-137 at 40-46. At resentencing, Hair's counsel raised an objection to the enhancement, which this Court overruled. *Id* at 46. On appeal, the Eleventh Circuit affirmed, stating: "[the] 1982 incident qualifies as sexual abuse or exploitation of a minor," and "the 1982 and 1989 incidents together would also qualify as a pattern of sexual abuse or exploitation for purposes of § 2G2.2 as amended by Amendment 664." *Hair*, 299 Fed. App'x. at 911. Ground Five is procedurally defaulted. *See Nyhuis*, 211 F.3d at 1343.

## B. MERITS: GROUNDS FOUR AND FIVE

Hair alleges that his constitutional rights were violated at trial and sentencing, through ineffective counsel and abuse of the sentencing process. Procedural default does not apply to allegations of ineffective counsel in section 2255 proceedings. *See Massaro v. United States*, 538 U.S. 500, 502-03 (2003). Under *Strickland v. Washington*, 466 U.S. 668, 688 (1984), a defendant claiming ineffective assistance of counsel is required to show: (1) that counsel's actions were not supported by an objective reasonable and professional strategy, and (2) that the error was

4

prejudicial. Hair's burden of persuasion must surmount the presumption that counsel was reasonable and skillful:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id* at 694-695 (quoting *Michel v. Louisiana*, 305 U.S. 91, 101 (1955)). In sum, as long as another reasonable attorney might conduct him or herself at trial in the same way Hair's defense counsel conducted him or herself, counsel was not ineffective.

## I. GROUND FOUR: SEARCH WARRANT AND FOURTH AMENDMENT

Hair maintains that his defense counsel neglected to challenge the sufficiency of the evidence obtained from Earthlink (Hair's ISP, or internet service provider) pursuant to an administrative subpoena. D-cv-9 at 20. Establishing a Fourth Amendment violation requires Hair to prove: (1) that there was an unlawful search, and (2) Hair had a legitimate expectation of privacy, recognized by society. *United States v. Beckett*, 2010 U.S. App. LX 4989, *9 (11th Cir. 2010). Hair contends that the evidence obtained by a violation of the Fourth Amendment "must be suppressed as fruits of [the poisonous tree doctrine]". *Id* at 22. Furthermore, Hair asserts that Congress did not intend its Electronic Communications Privacy Act of 1986 (ECPA) to be read liberally – that ISPs such as Yahoo! and Earthlink are required to disclose subscriber information to governmental agencies. *Id* at 23.

Contrary to Hair's position, the ECPA provides that law enforcement may require disclosure of subscriber information only under certain, limited circumstances, including when there is (1) a warrant, (2) a court order, (3) consent of the subscriber, or (4) an administrative

subpoena. 18 U.S.C. § 2703(c). *Id* at *10. In this case, the subscriber information that the Postal Service agents obtained pursuant to an administrative subpoena was lawful[2]. Furthermore, Hair's counsel moved prior to trial to suppress the evidence obtained by agents from Earthlink; this Court appropriately denied the motion to suppress. D-cr-27, D-cr-34, D-cr-35.

The United States Supreme Court has consistently stated that no legitimate expectation of privacy exists in information transmitted to ISPs. *Beckett*, 2010 U.S. App. LX 4989, at *10-11(the opinion also notes that Beckett entered into a written agreement with ISPs that contained provisions prohibiting illegal activities, such as child pornography). Therefore, Hair had no expectation of privacy in the subscriber information provided to Earthlink. Ground Four does not warrant relief.

## II. GROUND THREE: SIXTH AMENDMENT VIOLATION

Hair claims his Sixth Amendment rights were violated because his counsel failed to allow Hair and other material witnesses to testify in Hair's defense, after leading Hair to believe witnesses would testify. D-cv-9 at 13. The testimony that was not adduced was to proffer that Hair had not committed the charged offenses, but rather, that Michael Head, a former employee, "had the motive, opportunity and means" to commit the offense. *Id* at 13-14 (also alleging that Mr. Head had a "past history of the conduct charged" as well as access to the computer seized by government agents).

To prove a Sixth Amendment violation, Hair must show that (1) counsel breached his right to testify, and (2) "but for" the breach, the result of the proceedings would have been different. *Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002) (citing *Strickland*, 466

---

[2] The FBI – Innocent Images Task Force obtained an administrative subpoena, pursuant to the Postal Service's request. The subpoena is not part of the court record.

6

U.S. at 694). The record indicates that Hair was advised of his right to testify and declined that right.

> MS. GUZMAN: I counseled with Mr. Hair throughout the course of this trial concerning his right to testify. He has indicated to me that he does not wish to testify.

D-111 at 138. This Court explicitly advised defense counsel to protect the record and a future 2255 motion, and to avoid ethical problems by securing Hair's position on the record. *Id.* Thus, there is no evidence supporting the contention that either Hair's right to testify was breached, or that he wished to do so.

Similarly, Hair claims that his counsel was constitutionally ineffective for failing to call material witnesses to proffer evidence showing Michael Head was the offender. An attorney's decision to call (or not call) witnesses is a tactical decision. *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004). Under the *Strickland* analysis, Hair has failed to show he was prejudiced by ineffective assistance of counsel. *Strickland*, 466 U.S. at 688.

First, Hair's defense counsel was restricted from introducing evidence concerning Michael Head because the evidence was insufficient to show that Head had access to the computer used in the offense, on the dates the offenses were committed. D-cv-111 at 95-96. Michael Head had allegedly taken his payroll records with him when his employment with Hair terminated. *Id* at 101.

Although defense counsel was restricted from doing so, she repeatedly attempted to introduce evidence concerning Michael Head through other avenues. *Id* at 95-96, 101. She presented witnesses to testify to Hair's whereabouts on the dates of the charged offenses. The witnesses included Hair's wife, mother, mother-in-law, and friend. *Id* at 15-44, 57-104, 46-51, 108-128. Although the jury accepted the government's evidence over that of Hair, defense counsel's tactical decisions illustrate that Hair was represented effectively.

7

Second, Hair claims that he had several uncalled witnesses ready to testify, as well as receipts from Denny's restaurant and Globe Imports in Orlando, Florida, showing he was not present to use the computer at the time the offenses were committed from Hair's computer. D-cv-9 at 14. It is questionable that the evidence would have influenced the jury because the credit card could have been used by anyone close to Hair, such as his wife or mother – two persons involved in Hair's business. Thus, to conclude that "but for" the absence of the evidence the proceedings would have produced a different result, is highly speculative and insufficient to establish prejudice under a *Strickland* analysis. Ground Three does not warrant relief.

## C. MERITS OF GROUND ONE: EX POST FACTO SENTENCING

Hair alleges that his sentence, based on guidelines in effect after the offenses committed in Counts One through Three, violates the Ex Post Facto clause of the Eighth Amendment. U.S.Const. amend. VIII; D-cv-9 at 1. The 2003 Sentencing Guidelines of the PROTECT Act were enacted April 30, 2003. *See* USSG § 2G2.2. Hair was charged with a four count indictment (dated respectively): March 17, March 19, April 4, and May 28, 2003. D-cr-1. Hair was convicted on all four counts; therefore, the offense committed in Count Four took place after the 2003 Sentencing Guidelines were enacted.

Ordinarily, the guidelines in effect at the time of sentencing are those that apply at sentencing. *Weaver v. Graham*, 450 U.S. 24, 29 (1981). The Ex Post Facto Clause restricts the application of retroactive laws to offenses committed prior to the respective law's enactment date; establishing a violation requires that "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Id*. Hair cannot establish a violation for the following two reasons.

8

First, Count Four spans the offenses past the date upon which the 2003 Sentencing Guidelines became effective (May 28, 2003). The court in *United States v. Bailey*, 123 F.3d 1381, 1404-1405 (11th Cir. 1997) held that "related offenses committed in a series will be sentenced together under the Sentencing Guidelines Manual in effect at the end of the series;" and furthermore, "otherwise discrete criminal acts will be sentenced together under the Guidelines in effect at the time of the last of those acts." Counts involving the same acts, victims, transactions, or a common criminal scheme or plan, taken together with the nature of the offenses, may be considered related offenses within the meaning of the rule. *Id.* Hair continued to possess child pornography into May 2003, in violation 18 U.S.C. § 2252A(a)(5)(B). D-cr-104 at 3-6. Hair's possession of child pornography images involve the same acts in a common criminal scheme as attempting to distribute that material. In fact, the charges are so closely related that distribution is assumed to include possession. Therefore, Hair's criminal offenses spanned past the enactment of the 2003 Sentencing Guidelines.

Second, Hair is not prejudiced by the sentence proscribed by the 2003 Guidelines. Hair received a sentence of 180 months imprisonment for each of Counts One, Two, and Three, and five months imprisonment as to Count Four. D-cr-25, D-cr-66. Prior to the 2003 PROTECT Act amendments, the statutory maximum imprisonment for violation of 18 U.S.C. § 2252A(a)(1)-(4) was not to exceed fifteen years; likewise, the statutory maximum imprisonment for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) was not to exceed five years. Hair was not disadvantaged by the application of the 2003 Guidelines because his sentence was not greater than the sentence under the PROTECT Act amendments. Ground One does not warrant relief.

## D. EVIDENTIARY HEARING

Hair is not entitled to an evidentiary hearing. Where the section 2255 motion lacks merit or is procedurally defaulted, no evidentiary hearing is required. *See United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Hair's arguments are procedurally defaulted or meritless, and therefore Hair is not entitled to such relief.

## REPLY

The Court finds Hair's argument in his reply unpersuasive. Any additional claims raised in the reply were not addressed by the Court. *See Riley v. United States*, 304 Fed App'x 811 (11th Cir. 2008) (claims raised by a federal prisoner only in his reply to the government's response to his motion to vacate his sentence were not properly preserved for the court's consideration).

Accordingly, it is:

**ORDERED** that Hair's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**. The clerk is directed to enter judgment against Hair and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make

such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE and ORDERED** in Chambers, in Tampa, Florida this 13th day of July 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record